# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAY BAKER,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>SERGEANT F. VILLALOBOS, ET AL,<br><br>　　　　Defendants. | Case No. 2:18-cv-2301-PA (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the operative Complaint (Dkts. 1, 7), Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Dkt. 100, "Motion"), Plaintiff's Opposition to Motion for Summary Judgment, (Dkt. 106), Defendants' Reply in support of the Motion (Dkt. 107), the Report and Recommendation of the assigned United States Magistrate Judge ("Report") (Dkt. 109), Plaintiff's Objection to the Report and Recommendation (Dkt. 113), and Defendants' Response to Plaintiff's Objections. (Dkt. 114). The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made.

Plaintiff's objections consist of two broad contentions. First, Plaintiff contends that administrative remedies were effectively made unavailable to him

because the prison's appeal process was so "inadequate and incapable of use" that summary judgment should be denied in the interest of justice. Second, Plaintiff argues that he was misled to believe that a review of his excessive force claim by the prison's Investigative Services Unit (ISU) sufficed to exhaust administrative remedies. [Dkt. 113 at 1-6, 9, 13.] Neither contention has merit.

Plaintiff spends the bulk of his first argument lamenting about the confusing back and forth he was required to endure because prison officials kept denying his appeals at the second and third levels of review due to missing documentation. In arguing that his efforts to exhaust were thwarted, Plaintiff argued in his opposition to the Motion and again here in the objections that his supporting documents were attached to his grievances while prison officials alleged those documents were not attached, so on and so forth. While that back and forth could arguably raise a question of material fact, the Court never reached those arguments in ruling on the Motion because it was undisputed that Plaintiff's grievance failed to allege the excessive force and deliberate indifference claims brought in the instant action. [Dkt. 109 at 16.] Rather, Plaintiff failed to exhaust administrative remedies because the only relevant grievance, LAC-S-15-04254, challenged "the validity of Plaintiff's Rules Violation Report disciplinary conviction and not the excessive force and medical deliberate indifference issues presented in Plaintiff's complaint." [Dkt. 109 at 8-9.] As the Magistrate Judge correctly noted in the Report, the appeal issue and appeal decision were limited to Plaintiff's challenge to the disciplinary proceedings. Because Plaintiff never brought a timely inmate grievance challenging his excessive force and deliberate claims, based upon the undisputed evidence on summary judgment, Plaintiff failed to exhaust his administrative remedies prior to filing suit as required. Nothing in Plaintiff's objections regarding the challenges he faced later in the exhaustion process alters that conclusion.

Plaintiff's second argument raises for the first time that prison officials purposefully misled him into believing that his ISU investigation satisfied the

exhaustion requirements. Plaintiff did not raise this argument in his complaint or opposition to Defendants' motion for summary judgment. Plaintiff proffers no explanation for his failure to raise this theory in his Opposition to Defendants' Motion nor has he provided any evidence or citation to the record to support the assertion. "[A]llowing parties to litigate fully their case before the Magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrate Act." *See Greenhow v. Secretary of Health & Human Services,* 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds, United States v. Hardesty,* 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc). The Court therefore declines to consider this belatedly asserted theory.

Nevertheless, to be clear, in Plaintiff's opposition to the Motion he argued that he put prison officials on verbal notice when he "told everyone envolved [sic] that I was going to tell all of their immediate officials in charge what they did and to contact Internal Affairs which I followed through on my word. There was an ISU investigation so that's my notice of intent!" [Dkt. 106 at 10.] Plaintiff maintained throughout his Opposition that prison officials were well aware of his complaints which should have put them adequately on notice. [Dkt. 106 at 5.] In response to this argument, the Magistrate Judge correctly noted that verbal notice and exhaustion efforts outside of the prison grievance procedures are insufficient to exhaust Plaintiff's administrative remedies. (Dkt. 109 at 13-14.) Thus, to the extent that Plaintiff argues his ISU investigation satisfies his exhaustion requirements, his argument has already been considered and rejected.

Nothing in Plaintiff's Objections alters or calls into question anything set forth in the Report. Having completed its review, the Court accepts the findings, recommendations, and conclusions set forth in the Report. Accordingly, **IT IS ORDERED** that:

(1) The Magistrate Judge's Report and Recommendation is accepted.

3

      (2)    Defendants' motion for summary judgment for failure to exhaust the administrative remedies (Dkt. 100) is GRANTED;

      (3)    This action is dismissed without prejudice; and

      (4)    The Clerk of Court is directed to close this case.

DATE: February 1, 2022

                                    PERCY ANDERSON
                                    UNITED STATES DISTRICT JUDGE